AH KEE ET AL., TRADING AS YEE CHONG TEA COMPANY, RESPONDENT. v. NICK VALLE, APPELLANT.

Submitted March 23, 1923—Decided June 6, 1923.

1. Where plaintiff offered in evidence the transcript of testimony in a former trial, and defendant offered it, also, or such portion of it as he deemed acceptable, defendant cannot claim on appeal that the transcript should not have been submitted to the jury.

2. An action for money disbursed for the use of another is practically an action of *assumpsit* at common law and presents a question of fact for the jury.

On appeal from the East Orange District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the respondent, *George A. Henderson.*

For the appellant, *William L. Greenbaum.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiffs were owners of a tea and grocery business, located at 200 Mulberry street, in Newark. They entered into a contract in writing with defendant for the making of alterations in their plant for the sum of $1,500. The defendant subcontracted some of the work to Isadore Cohen, who constructed a toilet for the tea merchants, which admittedly was a part of the contract which defendant was to perform.   Plaintiffs refusing to recognize Cohen's independent claim, suit was instituted by the latter, who obtained a judgment for $360, the cost of his work, which judgment the plaintiffs paid.   The plaintiffs had apparently sufficiently inhibed the competitive atmosphere of western civilization to lead their otherwise docile minds into an inquiring attitude of a militant character, which could not reconcile them to the payment of a bill twice to two men for the same work, each of whom they claimed was the *alter ego* of the other. In other words, having contracted for one toilet they were paying for two, which presented to them a situation impenetrable and obscure, since the extra toilet was both invisible and impalpable.   Influenced by this conception they instituted this suit to recover from the contractor, Nick Valle, the amount they had been obliged to pay to Cohen.   The defendant interposed a counter-claim, which was not allowed by the jury who found for the plaintiffs.

. During the trial the plaintiffs offered in evidence the record of the trial of the former suit.   The defendant also offered the transcript of the testimony in the same case, which transcript was taken to the jury room, where the jury had full opportunity to consider it.   The defendant now insists that the trial court erred in admitting the entire record in evidence.   Whatever doubt may exist as to the propriety of its admission, in the first instance, was cured by the defendant's offer of practically the same record, or such portion of it as

seemed acceptable to him, for the purposes of his defence. He cannot assume one legal attitude at the trial and another here. *Berg* v. *Rapid Motor Co.*, 78 *N. J. L.* 724.

Nor was there error in refusing to nonsuit or to direct a verdict. The case was practically an action in *assumpsit* at common law; for moneys disbursed for the use of another, who was legally obligated to them. Such a situation presented a question of fact for the jury, and their verdict cannot be disturbed. *Whitcomb* v. *Brant*, 90 *N. J. L.* 245.

The judgment will therefore be affirmed.